# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| S&P GLOBAL, INC. and STANDARD & POOR'S FINANCIAL SERVICES LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>S&P DATA LLC, S&P DATA OHIO LLC, S&P DATA MICHIGAN LLC and S&P DATA NEW MEXICO LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   C.A. No. 20-701-RGA<br>)<br>)   **TRIAL BY JURY DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER AND DEFENSES TO
## PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants S&P Data LLC, S&P Data Ohio LLC, S&P Data Michigan LLC and S&P Data New Mexico LLC (collectively, "S&P Data"), hereby answer Plaintiffs S&P Global Inc. and Standard & Poor's Financial Services, LLC's (collectively, "Plaintiffs") First Amended Complaint (D.I. 14) as follows:

### NATURE OF THE ACTION[1]

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, S&P Data denies that Plaintiffs are entitled to the relief they seek.

### PARTIES

2. S&P Data is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, therefore, denies those allegations.

---

[1] For ease of reference, S&P Data follows the major headings used in the Complaint. To the extent that such headings are deemed to make factual allegations, S&P Data does not adopt or admit such allegations.

3. S&P Data is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, denies those allegations.

4. S&P Data admits the allegations in Paragraph 4 of the Complaint.

5. S&P Data admits the allegations in Paragraph 5 of the Complaint.

6. S&P Data admits the allegations in Paragraph 6 of the Complaint. By way of further response, S&P Data admits that S&P Data Michigan LLC's principal place of business is located at 300 Big Beaver Road East, Suite 300, Troy, Michigan 48083.

7. S&P Data admits the allegations in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required.

9. S&P Data admits that it is a Delaware limited liability company and that its agent is Corporation Service Company, and states that the remaining allegations in Paragraph 9 of the Complaint state a legal conclusion to which no response is required

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required.

## FACTS

11. S&P Data is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies those allegations.

12. S&P Data is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies those allegations.

13. S&P Data is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies those allegations.

14. S&P Data is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, denies those allegations.

15. The allegations in Paragraph 15 of the Complaint purport to list information from federal government records of registration numbers, class numbers, and descriptions of good and services for certain trademarks. S&P refers to the originals of such records for a complete and accurate description of their contents and denies any allegations inconsistent with their contents.

16. The allegations in the first sentence of Paragraph 16 state legal conclusions to which no response is required. S&P Data denies that Registration No. 3,569,793 is incontestable. S&P Data is without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 16 of the Complaint and, therefore, denies those allegations.

17. S&P Data is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, denies those allegations.

18. S&P Data is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, denies those allegations.

19. S&P Data denies that it does not provide data as part of its products and services and admits the remainder of the allegations in Paragraph 19 of the Complaint.

20. The allegations of the first sentence of Paragraph 20 constitute a characterization of fact to which no response is required. The remaining allegations of Paragraph 20 purport to refer to a website page located at www.spdatallc.com, and S&P Data refers to the original of such website page for a complete and accurate statement of its contents and denies any allegations inconsistent with its contents.

21. S&P Data admits that it provides services to clients that operate within many industries, including the financial services, fintech, and energy fields, is without knowledge or

information sufficient to form a belief as to the truth of the allegations regarding the sectors in which Plaintiff provides its products and services, and states the remaining allegations of the first sentence in Paragraph 21 are characterizations of fact to which no response is required. S&P Data states that the remaining allegations in Paragraph 21 purport to refer to a LinkedIn page and Exhibit A, which purports to reproduce excerpts of S&P Data's website. S&P Data refers to the originals of such LinkedIn page and website for a complete and accurate statement of their contents and denies any allegations inconsistent with their contents.

22. The allegations in Paragraph 22 of the Complaint state a legal conclusion to which no response is required.

23. S&P Data admits that it has referred to itself as "S&P" within such contexts as make clear that the referent is "S&P Data," and denies the remaining allegations in the first sentence of Paragraph 23 of the Complaint. S&P Data is without information or knowledge sufficient to form a belief as to the truth of the allegations of the second sentence in Paragraph 23 of the Complaint and, therefore, denies those allegations. S&P Data states that the remaining allegations in Paragraph 23 purport to refer to S&P Data's website and a YouTube video, and S&P Data refers to the originals of such website and YouTube video for a complete and accurate statement of their contents and denies any allegations inconsistent with its contents.

24. The allegations in Paragraph 24 of the Complaint state a legal conclusion to which no response is required.

25. The allegations in Paragraph 25 of the Complaint refer to Exhibits B and C, which purport to reproduce certain searches made on an online search engine. S&P Data refers to the originals of such searches for a complete and accurate statement of their contents, denies any

allegations inconsistent with their contents, and is without knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 25.

26. The allegations in Paragraph 26 of the Complaint state a legal conclusion to which no response is required.

27. The allegations in Paragraph 27 of the Complaint refer to Exhibit D, which purports to reproduce certain searches made on an online search engine. S&P Data refers to the originals of such searches for a complete and accurate statement of their contents, denies any allegations inconsistent with their contents, and is without knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 27.

28. The allegations in Paragraph 28 of the Complaint state a legal conclusion to which no response is required.

29. S&P Data denies that it has performed acts for which Plaintiffs' permission is required.

30. The allegations of the first sentence in Paragraph 30 of the Complaint do not state an allegation of fact to which a response is required. The remainder of the allegations in Paragraph 30 of the Complaint state a legal conclusion to which no response is required.

31. The allegations in Paragraph 31 of the Complaint state a legal conclusion to which no response is required.

32. The allegations in Paragraph 32 of the Complaint state a legal conclusion to which no response is required.

33. S&P Data denies the allegations in Paragraph 33 of the Complaint and denies that Plaintiffs are entitled to any relief whatsoever.

**COUNT I**

**(Infringement of Registered Marks, Lanham Act § 32(1))**

34. S&P Data repeats, realleges, and incorporates by reference its responses to the allegations set forth in the preceding Paragraphs, as if fully set forth herein.

35. Paragraph 35 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, S&P Data denies the allegations in Paragraph 35 of the Complaint.

**COUNT II**

**(False Designation of Origin, Lanham Act, § 43(a))**

36. S&P Data repeats, realleges, and incorporates by reference its responses to the allegations set forth in the preceding Paragraphs, as if fully set forth herein.

37. Paragraph 37 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, S&P Data denies the allegations in Paragraph 37 of the Complaint.

**COUNT III**

**(Federal Dilution, Lanham Act, § 43(c))**

38. S&P Data repeats, realleges, and incorporates by reference its responses to the allegations set forth in the preceding Paragraphs, as if fully set forth herein.

39. S&P Data denies the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, S&P Data denies the allegations in Paragraph 40 of the Complaint.

**COUNT IV**

**(Common Law Unfair Competition)**

41. S&P Data repeats, realleges, and incorporates by reference its responses to the allegations set forth in the preceding Paragraphs, as if fully set forth herein.

42. Paragraph 42 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, S&P Data denies the allegations in Paragraph 42 of the Complaint.

## COUNT V

**(Violation of Delaware's Deceptive Trade Practice Act -- 6 *Del. C.* §§ 2531 et seq.)**

43. S&P Data repeats, realleges, and incorporates by reference its responses to the allegations set forth in the preceding Paragraphs, as if fully set forth herein.

44. Paragraph 44 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, S&P Data denies the allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, S&P Data denies the allegations in Paragraph 45 of the Complaint.

## COUNT VI

**(Trademark Dilution and Injury to Business Reputation -- 6 *Del. C.* § 3313)**

46. S&P Data repeats, realleges, and incorporates by reference its responses to the allegations set forth in the preceding Paragraphs, as if fully set forth herein.

47. Paragraph 47 of the Complaint states a legal conclusion to which a response is not required. To the extent a response is required, S&P Data denies the allegations in Paragraph 47 of the Complaint, and denies that Plaintiffs are entitled to any relief whatsoever.

## ANSWER TO PRAYER FOR RELIEF

Plaintiffs' prayer for relief states legal conclusions to which no response is required, but to the extent that a response is required, S&P Data denies them and specifically asserts that Plaintiffs' are not entitled to any relief sought in its prayer for relief against S&P Data. Plaintiffs' prayer for relief should be denied in its entirety, with prejudice, and Plaintiffs should receive nothing.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

### (Failure to state a claim upon which relief may granted)

Plaintiffs' claims fail to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

### (No Infringement)

S&P Data has not infringed any applicable trademarks under federal or state law, nor is its use of S&P DATA likely to cause confusion, cause mistake, or to deceive the public in connection with goods and services provided by Plaintiffs.

### THIRD DEFENSE

### (Equitable Defenses)

On information and belief, Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and acquiescence.

### FOURTH DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred wholly or in part by the applicable statutes of limitations.

## FIFTH DEFENSE

### (Prior Rights)

S&P Data is the prior user, with continuous use, of S&P DATA under common law, with rights to bar use by others of the same or confusingly similar marks.

## SIXTH DEFENSE

### (No Damages)

Plaintiffs' claims are barred because they have suffered no harm or damages.

## ADDITIONAL DEFENSES

S&P Data reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Trademark Act of the United States, and any other defenses at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case.

                        */s/ Frederick L. Cottrell*
                        Frederick L. Cottrell, III (#2555)
                        Jason J. Rawnsley (#5379)
                        Valerie A. Caras (#6608)
                        RICHARDS, LAYTON & FINGER, P.A.
                        920 N. King Street
                        Wilmington, DE 19801
                        (302) 651-7700
                        cottrell@rlf.com
                        rawnsley@rlf.com
                        caras@rlf.com

                        *Attorneys for Defendants S&P Data LLC,*
                        *S&P Data Ohio LLC, S&P Data Michigan*
Dated: August 25, 2020           *LLC and S&P Data New Mexico LLC*