# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| S&P GLOBAL, INC. and STANDARD & POOR'S FINANCIAL SERVICES LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| S&P DATA LLC, S&P DATA OHIO LLC, S&P DATA MICHIGAN LLC and S&P DATA NEW MEXICO LLC, | ) ) ) ) |
| Defendants. | ) ) |

C.A. No. 20-701-RGA

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT
## OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Valerie A. Caras (#6608)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
caras@rlf.com

*Attorneys for Defendants S&P Data LLC,*
*S&P Data Ohio LLC, S&P Data Michigan*
*LLC and S&P Data New Mexico LLC*

Dated: November 9, 2021

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .............................................................................................................1

    I.     Plaintiffs Bear the Burden to Prove an Exception to the Statute of
           Limitations .........................................................................................................2

    II.    In Delaware, the Continuing Tort Doctrine Is a Narrow Exception .......................3

    III.   Plaintiffs' Citations Stand for the Proposition that Only Delaware
           Law Controls.......................................................................................................5

    IV.   S&P's State Law Claims are Time-Barred Regardless of the Relief
           Sought ................................................................................................................6

    V.    Judgment Must Be Entered in Defendants' Favor on the S&P INDICES
           Mark ..................................................................................................................7

CONCLUSION..................................................................................................................7

## **TABLE OF AUTHORITIES**

**Page(s)**

CASES

Abbott v. Gordon,
No. 04C-09-055-PLA, 2008 WL 821522 (Del. Super. Ct. Mar. 27, 2008), aff'd, 957
A.2d 1 (Del. 2008) (TABLE) ................................................................................................3

Billy Goat IP LLC v. Billy Goat Chip Co.,
No. 17-cv-9154, 2018 WL 3740542 (N.D. Ill. Aug. 7, 2018) ..................................................5

Bivens v. Mattero,
No. 03C-03-159-JEB, 2004 WL 1732213 (Del. Super. Ct. July 30, 2004) ..............................2

Chloe SAS v. Sawabeh Info. Servs. Co.,
No. 11-cv-04147, 2014 WL 4402218 (C.D. Cal. Sept. 5, 2014) ..............................................5

CSL Silicones Inc. v. Midsun Grp. Inc.,
170 F. Supp. 3d 304 (D. Conn. 2016) .....................................................................................5

In re Dean Witter P'ship Litig.,
No. 14816, 1998 WL 442456 (Del. Ch. July 17, 1998), aff'd, 725 A.2d 441 (Del.
1999) (TABLE) ......................................................................................................................2

Eluv Hldgs. (BVI) Ltd. v. Dotomi, LLC,
No. 6894-VCP, 2013 WL 1200273 (Del. Ch. Mar. 26, 2013) ..................................................6

Ewing v. Beck,
520 A.2d 653 (Del. 1987) ......................................................................................................4

Gaudreau v. Am. Promotional Events, Inc.,
511 F. Supp. 2d 152 (D.D.C. 2007) ........................................................................................5

Kerns v. Dukes,
2004 WL 766529 (Del. Ch. Apr. 2, 2004) ...............................................................................4

Kraft v. WisdomTree Invs., Inc.,
145 A.3d 969 (Del. Ch. 2016) ............................................................................................6, 7

Lyons P'ship, L.P. v. Morris Costumes, Inc.,
243 F.3d 789 (4th Cir. 2001) ..................................................................................................5

Mercury Luggage Mfg. Co. v. Domain Prot., LLC,
No. 19-cv-1939, 2020 WL 7122859 (N.D. Tex. Dec. 4, 2020) ...............................................5

Mergenthaler v. Asbestos Corp. of Am.,
500 A.2d 1357 (Del. Super. Ct. 1985) ...................................................................................2

*RBC Nice Bearings, Inc. v. Peer Bearing Co.*,
    410 F. App'x 362 (2d Cir. 2010) ...............................................................5

*Rogers v. Bushey*,
    No. S17C-02-020-RRC, 2018 WL 818374 (Del. Super. Ct. Feb. 7, 2018), *aff'd*, 195
    A.3d 467 (Del. 2018) (TABLE)..............................................................3

*Ryan v. Gifford*,
    935 A.2d 258 (Del. Ch. 2007)................................................................3

*Shearin v. E.F. Hutton Grp., Inc.*,
    652 A.2d 578 (Del. Ch. 1994)................................................................6

*In re Thomas Lawrence Reeves Irrevocable Tr.*,
    No. 8071-ML, 2015 WL 1947360 (Del. Ch. Apr. 29, 2015), *adopted*, 2015 WL
    4093157 (Del. Ch. July 2, 2015)............................................................3

*vonRosenberg v. Lawrence*,
    No. 13-cv-587, 2018 WL 4039324 (D.S.C. Aug. 23, 2018)...........................5

*Wilson v. King*,
    673 A.2d 1228 (Del. Super. Ct. 1996) ....................................................2

*Zox LLC v. Zox*,
    No. 21-cv-1609, 2021 WL 4816664 (C.D. Cal. July 12, 2021)......................5

**STATUTES & RULES**

Deceptive Trade Practices Act................................................................3

Federal Lanham Act.............................................................................5

Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) .................................7

**OTHER AUTHORITIES**

51 AM. JUR. 2D LIMITATION OF ACTIONS § 5 (2021) ....................................2

## INTRODUCTION

Plaintiffs do not dispute that their claims first accrued in 2014 at the latest,[1] nor do they identify anything that stopped them from bringing suit then.  Instead, Plaintiffs argue that their state law trademark claims involve continuing torts, and are thus not barred by the applicable statute of limitations.  Plaintiffs recognize that Delaware has not directly addressed the question at issue, and thus rely primarily on federal law and the law of *other* states, none of which is controlling.

Delaware regards the continuing tort doctrine as narrow and applicable only to causes of action in which full and adequate relief is unavailable until the cessation of the wrongful conduct. Under Delaware law, the continuing tort doctrine tolls the statute of limitations only under circumstances where damages cannot be determined until the cessation of the wrong.  Plaintiffs' damages were determinable at the time the claim accrued because they were entitled to seek an injunction, which constitutes the same full and adequate relief they now request.  Plaintiffs chose to sleep on their rights and cannot now rely on the continuing tort doctrine. Summary judgment should be entered in favor of Defendants on the state law statute of limitations.

Further, Plaintiffs' claims remain time-barred regardless of the type of relief Plaintiffs seek. Despite Plaintiffs' claims for monetary relief being time-barred by the statute of limitations in the first instance, they also withdrew such claims and now seek solely injunctive relief.  Plaintiffs cannot escape the statute of limitations by reconfiguring their claims to seek only injunctive relief.

---

[1] Plaintiffs do allege that they "dispute Defendants' claims on this motion regarding the alleged scope of Plaintiffs' knowledge in 2014." Op. Br. at 5 n.1.  But they never identify a single disputed fact in support of this allegation.  That Plaintiffs' claims accrued then is thus *un*disputed.

## I.      Plaintiffs Bear the Burden to Prove an Exception to the Statute of Limitations

Delaware courts have long noted that statutes of limitations are to be "strictly construed because the General Assembly has evinced its intent to bar claims filed after the stated time." *Wilson v. King*, 673 A.2d 1228, 1231 (Del. Super. Ct. 1996); *see also* 51 AM. JUR. 2D LIMITATION OF ACTIONS § 5 (2021) ("Statutes of limitation are intended to promote the timely and efficient litigation of claims, and further the policy that one must diligently pursue one's legal rights at the risk of losing them if they are not timely asserted." (footnotes omitted)).  Delaware courts permit exceptions to the statute of limitations only in cases where the "legislative purpose of the statute is not contravened."  *Mergenthaler v. Asbestos Corp. of Am.*, 500 A.2d 1357, 1365 (Del. Super. Ct. 1985).  A plaintiff raising an exception to the applicable statute of limitations must show they acted with due diligence – "a measure of prudence, activity, or assiduity . . . ordinarily exercised by a reasonable and prudent [party] under the particular circumstances" – such that it was "the action of the *court* itself [that] prevented the exercise of the right."  *Bivens v. Mattero*, No. 03C-03-159-JEB, 2004 WL 1732213, at *2 (Del. Super. Ct. July 30, 2004).   In the present case, Plaintiffs have made no such showing.

When an action is filed after the limitations period, the plaintiff bears the burden of presenting factual evidence that the statute of limitations does not bar its claims.  *See In re Dean Witter P'ship Litig.*, No. 14816, 1998 WL 442456, at *6 (Del. Ch. July 17, 1998) (dismissing claims for failure to file within the statutory period and placing the burden of demonstrating defenses to the statute of limitations on the plaintiff), *aff'd*, 725 A.2d 441 (Del. 1999) (TABLE).

Here, Plaintiffs have identified no defense to the statute of limitations other than their erroneous assertion that trademark infringement is *per se* a continuing wrong.

## II.      In Delaware, the Continuing Tort Doctrine Is a Narrow Exception

In Delaware, there is a "narrow category of acts which are considered continuing wrongs." *In re Thomas Lawrence Reeves Irrevocable Tr.*, No. 8071-ML, 2015 WL 1947360, at *9 (Del. Ch. Apr. 29, 2015), *adopted*, 2015 WL 4093157 (Del. Ch. July 2, 2015); *see also Abbott v. Gordon*, No. 04C-09-055-PLA, 2008 WL 821522, at *13 (Del. Super. Ct. Mar. 27, 2008) ("Delaware courts have applied th[e continuing wrong] exception narrowly and only in unusual situations."), *aff'd*, 957 A.2d 1 (Del. 2008) (TABLE); *Ryan v. Gifford*, 935 A.2d 258, 267 (Del. Ch. 2007) ("The continuing wrong doctrine is a narrow one."). Plaintiffs cite no Delaware decision suggesting that the state regards claims under its Deceptive Trade Practices Act or unfair competition—hardly uncommon causes of action—as narrow or unusual.

And even if it were the case that Delaware recognized trademark infringement as a continuing wrong, Plaintiffs still could not escape the statute of limitations. Under Delaware law, "where the plaintiff knows, or in the exercise of reasonable diligence could have discovered that a cause of action exists, but fails to notify the defendant to correct the wrong, courts have been hesitant to apply the [continuing wrong] exception." *Abbott*, 2008 WL 821522, at *13; *see also Rogers v. Bushey*, No. S17C-02-020-RRC, 2018 WL 818374, at *5 (Del. Super. Ct. Feb. 7, 2018) ("[W]here suit can be brought immediately and complete and adequate relief is available, a cause of action cannot be tolled as a continuing violation.") (citing *Kerns v. Dukes*, 2004 WL 766529, at *4 (Del. Ch. Apr. 2, 2004)), *aff'd*, 195 A.3d 467 (Del. 2018) (TABLE).

For instance, the Delaware Supreme Court has held that for the ongoing tort of continuous negligent medical treatment—the primary exemplar of the continuing wrong theory in Delaware law—"the statute of limitations runs for two years from the date of last act in the negligent continuum prior to actual knowledge or the point when a reasonably prudent person, in the exercise

of reasonable diligence, could have discovered a prior continuous course of negligent medical treatment." *Ewing v. Beck*, 520 A.2d 653, 665 (Del. 1987).

It is undisputed that Plaintiffs could have brought their action in 2014, but instead made the choice to sleep on their rights. In *Kerns v. Dukes*, No. 1999-S, 2004 WL 766529, at *4 (Del. Ch. Apr. 2, 2004), the Delaware Court of Chancery found that the plaintiffs' cause of action was time barred and could not be saved under a theory of continuing wrong. Specifically, the Court found that "[t]he only element missing from Plaintiffs' cause of action . . . was significant money damages giving Plaintiffs an incentive to bring their action." *Id.* The Court found, however, that injunctive relief was available at the time their claim accrued and could have prevented or reduced any damages. *Id.* The Court thus found that because complete and adequate relief was available at the time the claim accrued, the cause of action could not be tolled as a continuing violation. *Id.* (citing *Cincinnati Bell Cellular Sys. Co. v. Ameritech Mobile Phone Serv.*, 1996 WL 506906, at *15 (Del. Ch. Sept. 3, 1996) (rejecting argument that the statute of limitations is tolled until actual damages caused by the asserted wrongs have been found to exist)).

Here, Plaintiffs' claim accrued in 2014. Plaintiffs therefore had a full and complete remedy available when their claim accrued in 2014, and the continuing wrong doctrine is not applicable under Delaware law. Plaintiffs' claim for injunctive relief accrued, at the latest, following Plaintiffs' investigation of S&P Data in 2014. Plaintiffs' were on full notice of their "injury" and should have sought their proposed relief within the applicable statute of limitations, as their damages were fully determinable during that period. Plaintiffs conducted a full investigation of S&P Data, including the engagement of an outside firm, and cannot and do not identify any disputed fact showing that they were ignorant of S&P Data and its services. Thus, the statute of

4

limitations began to run at that time and fully bars the state law claims that Plaintiffs failed to assert until almost five years later.

### III.     Plaintiffs' Citations Stand for the Proposition that Only Delaware Law Controls

Lacking any firm basis in Delaware law, Plaintiffs cite a string of cases holding various federal and state law claims are subject to the continuing tort doctrine.  Many of these cases have no bearing on whether *Delaware* law deems trademark infringement as a continuing tort.[2]  In fact, the decisions cited by Plaintiffs show that the determination of which claims are considered a continuing tort is firmly a matter of state law.[3]  In all but one of the federal decisions cited by Plaintiffs (*Gaudreau v. Am. Promotional Events, Inc.*, 511 F. Supp. 2d 152, 155 (D.D.C. 2007)), the federal courts applied settled state law.

And not every state applies the continuing wrong theory to trademark infringement.  *See CSL Silicones Inc. v. Midsun Grp. Inc.*, 170 F. Supp. 3d 304, 314 (D. Conn. 2016) (rejecting the argument that Connecticut should follow suit with other courts endorsing a continuing tort or separate-accrual theory of trademark infringement, and finding that Connecticut's endorsement of a separate accrual rule for certain causes of action does not apply analogously to trademark infringement); *RBC Nice Bearings, Inc. v. Peer Bearing Co.*, 410 F. App'x 362, 366–67 (2d Cir. 2010) (looking to Connecticut state law in rejecting assertion that "that each allegedly infringing

---

[2] *See, e.g.*, *Chloe SAS v. Sawabeh Info. Servs. Co.*, No. 11-cv-04147, 2014 WL 4402218, at *4 (C.D. Cal. Sept. 5, 2014) (addressing whether the three-year statute of limitations applies to federal Lanham Act claims); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir. 2001) (federal law); *Mercury Luggage Mfg. Co. v. Domain Prot., LLC*, No. 19-cv-1939, 2020 WL 7122859, at *2 (N.D. Tex. Dec. 4, 2020) (federal law).

[3] *See, e.g.*, *Zox LLC v. Zox*, No. 21-cv-1609, 2021 WL 4816664, at *4 (C.D. Cal. July 12, 2021) (finding that as a matter of California law, state law claims for unfair competition constitute a continuous tort); *vonRosenberg v. Lawrence*, No. 13-cv-587, 2018 WL 4039324, at *3 (D.S.C. Aug. 23, 2018) (infringement under South Carolina law); *Billy Goat IP LLC v. Billy Goat Chip Co.*, No. 17-cv-9154, 2018 WL 3740542, at *5 (N.D. Ill. Aug. 7, 2018) (consumer fraud and deceptive trade practices under Illinois law).

action creates a new three-year limitations period") (citing *S. Pope Inc. v. Pope Exterminating*, 1993 WL 489708, at *3 (Conn. Super. Ct. Nov. 17, 1993) (applying statute of limitations to allegedly trademark law and unfair trade practice counterclaims, because "to allow the defendants to now come forward and pursue these allegations ... after knowing of the violations for almost a decade would violate the purpose of a statute of limitations, which 'is to prevent the unexpected enforcement of stale claims'")).

Accordingly, only Delaware law is relevant to determining whether Plaintiffs' state law claims are continuing torts in order for Plaintiff to escape the statute of limitations.  And as shown above, Delaware law provides no reason to do so.

## IV.    S&P's State Law Claims are Time-Barred Regardless of the Relief Sought

Plaintiffs attempt to circumvent the statute of limitations by characterizing their state law claims as equitable in nature, as they have now withdrawn any claim for monetary relief and seek only an injunction.  This attempt fails, for two reasons.

To start, in purely equitable actions, the Court will afford significant weight to an analogous statute of limitations when one exists and will presumptively bar an action filed after the limitations period.  *See Kraft v. WisdomTree Invs., Inc.*, 145 A.3d 969, 979 (Del. Ch. 2016). However, the fact that a plaintiff asks for an injunction does not itself render the application, of the appropriate statute of limitations, directly or analogously, inappropriate under Delaware law. *Shearin v. E.F. Hutton Grp., Inc.*, 652 A.2d 578, 584 (Del. Ch. 1994); *Kraft*, 145 A.3d at 979–80 ("When a plaintiff requested an equitable remedy for a claim that was legal in nature, . . . the Court would apply the statute of limitations by analogy. This rule prevented plaintiffs from circumventing a statute of limitations that would bar their legal claim by requesting equitable relief instead.") (footnote omitted); *Eluv Hldgs. (BVI) Ltd. v. Dotomi, LLC*, No. 6894-VCP, 2013 WL 1200273, at *5 (Del. Ch. Mar. 26, 2013) (concluding that declaratory judgment to establish share

ownership was based on a claim that was functionally equivalent to breach of contract, therefore, statute of limitations defense was applicable by analogy).

As the *Kraft* court explained, the rationale for applying the statute of limitations to legal claims seeking equitable relief is to prevent situations where a "plaintiff could have brought the same claim and sought a nearly identical remedy in a court of law, increasing the risk that a plaintiff would bring a claim in Chancery solely for the purpose of avoiding a limitations defense." 145 A.3d at 980 n.39. That rationale applies in full to Plaintiffs' state law claims here. Plaintiffs may not circumvent the applicable statute of limitations by removing claims for damages in effort to turn their claims into purely equitable claims. The statute of limitations applies, and bars in full, all of Plaintiffs' state law claims.

## V.     Judgment Must Be Entered in Defendants' Favor on the S&P INDICES Mark

In the original complaint, *see* D.I. 1, Plaintiffs accused Defendants of infringing the Registrations Nos. 3889706 and 4380744, each for the S&P INDICES mark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Defendants filed a counterclaim that Reg. No. 4380744 had been cancelled. In response, Plaintiffs amended their complaint to remove that registration.

The other registration for the S&P INDICES Mark, No. 3889706, has now been cancelled by the Trademark Office as well. Plaintiffs do not oppose judgment, and it should be entered accordingly.

<u>**CONCLUSION**</u>

For the foregoing reasons, S&P Data's motion for summary judgment should be granted. There is no genuine issue as to any material fact which can be construed to support Plaintiffs' position that they did not sit on their rights. Therefore, S&P Data is entitled to entry of summary judgment.

/s/ Jason J. Rawnsley
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Valerie A. Caras (#6608)
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
caras@rlf.com

*Attorneys for Defendants S&P Data LLC,
S&P Data Ohio LLC, S&P Data Michigan
LLC and S&P Data New Mexico LLC*

Dated: November 9, 2021

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2021, a true and correct copy of the foregoing

document was caused to be served on the following counsel as indicated:

**VIA ELECTRONIC MAIL:**
Neal C. Belgam
Kelly A. Green
Jason Z. Miller
Smith, Katzenstein, & Jenkins LLP
1000 West Street, Suite 1501
Wilmington, DE 19801

**VIA ELECTRONIC MAIL:**
Richard S. Mandel
Joelle A. Milov
Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036

*/s/ Jason J. Rawnsley*
Jason J. Rawnsley (#5379)